UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH ANN SCHEUERMAN,

       Plaintiff,

v.

Case No. 11-10196
Honorable Patrick J. Duggan

STERLING HEIGHTS POLICE OFFICER
ZAWOJSKY, BADGE NO. 0151 and
STERLING HEIGHTS POLICE OFFICER
MERCER, BADGE NO. 0182,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On January 14, 2011, Plaintiff Elizabeth Ann Scheuerman, ("Plaintiff") filed this lawsuit against Defendants, Sterling Heights Police Officers Kenneth Mercer and Michael Zawojsky, (collectively "Defendants"). Plaintiff's lawsuit arises from Defendants' arrest of Plaintiff on May 8, 2010. In her Complaint, Plaintiff alleges two counts: (I) excessive force pursuant to 42 U.S.C § 1983; and (II) assault and battery.

Presently before the Court is Defendants' motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56(c) on July 1, 2011. Relying primarily on Plaintiff's admissions during her deposition and the in-car videotape of the incident, Defendants contend that there are no genuine issues of material fact as to Plaintiff's claims. The motion has been fully briefed and on September 8, 2011, the Court held a motion hearing.

For the reasons that follow, the Court grants Defendants' motion.

## I. Factual Background

On May 8, 2010, at approximately 2:30 a.m., Officers Zawojsky and Mercer decided to follow Plaintiff after they believed she almost backed her vehicle into their police car while pulling out of her parking space in the parking lot of Dooley's bar. After exiting the parking lot, Plaintiff failed to use her turn signal and failed to stop completely at a flashing red light. In response, the officers activated their lights to pull Plaintiff over.

Plaintiff did not immediately stop when the officers activated their lights. Instead, she decided to proceed home and park her vehicle in her driveway. (Defs.' Mot. Ex. D at 24.) As Plaintiff explained during her deposition:

> I knew that I had been drinking and that it was against the law, and I knew that I was most likely going to be arrested for breaking the law. So I just figured I'd pull in my driveway, park my car, my car is safe, everything is okay.

(*Id.*) In fact, after the officers initiated their lights, Plaintiff drove approximately a quarter of a mile, passing two streets and turning onto a third before entering her driveway and stopping. (Defs.' Mot. Ex. B.) Once Plaintiff stopped her vehicle, the officers parked behind her on the driveway.

Officer Zawojsky, who was driving the patrol car, then exited his vehicle and walked to the driver-side window of Plaintiff's vehicle. (*Id.*) Plaintiff at this point had turned off her car and Officer Zawojsky instructed her to stay in the vehicle and provide her license. (Defs.' Mot. Ex. G ¶ 14.) Plaintiff admitted during her deposition that

Officer Zawojsky requested her license and registration, but she did not comply. (Defs.' Mot. Ex. D at 32.) Instead, Plaintiff exited her vehicle and pointed to her home, stating that she lives there. (*Id*. at 34.) When asked at her deposition why she did not provide her registration and license, Plaintiff explained that she "was trying to talk [her] way through it." (*Id*. at 33.)

By this point, Officer Mercer also had exited the patrol car and approached Plaintiff's vehicle. (Defs.' Mot. Ex. B.) As Plaintiff attempted to walk past Officer Zawojsky and towards her house, Officer Zawojsky blocked Plaintiff's path. (*Id*.; *see also* Defs.' Mot. Ex. H ¶ 15, Ex. G ¶ 16.) Officer Zawojsky then grabbed Plaintiff's arm in an attempt to arrest her. (*Id*.) Plaintiff is seen in the videotape of the incident shaking her hands and arms in response. (Defs.' Mot. Ex. B; *see also* Ex. D at 35, 45 (Plaintiff's description at her deposition that she was "shaking her right arm" and her "right hand" while Officer Zawojsky was attempting to handcuff her).) At her deposition, Plaintiff testified that she did not want to be handcuffed and that she resisted being handcuffed by moving her arms. (*Id*. Ex. D at 35.)

Both officers then became engaged with Plaintiff in an attempt to bring her arms behind her back and handcuff her. (Defs.' Mot. Ex. B.) They instructed her to stop resisting, stop, and calm down. (*Id*. Ex. G ¶ 22, Ex. H ¶ 20.) Unable to handcuff Plaintiff due to her resistance, Officer Zawojski directed Plaintiff's body against her vehicle. (*Id*. Ex. G ¶ 23; Ex. H ¶ 22; Ex. B.) Plaintiff continued to pull her arms up while Officer Zawojski was attempting to handcuff her and eventually Officer Mercer placed his

forearm behind Plaintiff's head to gain more control of her. (*Id*. Ex. B; Ex. H ¶ 21.) Still unable to handcuff her, Officer Zawojsky performed a take down maneuver, sliding Plaintiff down the vehicle and onto the ground. (*Id*.; Ex. G ¶ 24.) She landed on her back.

While on the ground, Plaintiff continued to struggle with the officers. (*Id*. Ex. G ¶ 25; Ex. H ¶ 24.) Defendants turned Plaintiff on her stomach and Officer Zawojsky placed his knee on her back to free his hands to handcuff Plaintiff. (*Id*. Ex. G ¶ 25.) Plaintiff still was struggling, thus requiring Officer Mercer's assistance to finally control Plaintiff's hands and arms so handcuffs could be applied. (*Id*. Ex. G. ¶ 27; Ex. H ¶ 25.) Once Plaintiff was handcuffed, Officer Zawojsky pulled Plaintiff up by her arms and shoulders and walked her to the patrol car. (*Id*.; Ex. B.)

Defendants then transported Plaintiff to the police station for booking. While at the station, Plaintiff submitted to a breath test. The test revealed that she had a 0.14% blood alcohol content at the time of the incident. (Defs.' Mot. Ex. D at 21; Ex. I.) Although claiming that she was bleeding from her shoulder, Plaintiff did not request medical attention while at the police station, a fact she admitted to at her deposition. (*Id*. Ex. D at 47.)

Plaintiff was charged with driving while intoxicated, failing to signal, and disregarding a traffic control device. (Defs.' Mot. Ex. J.) On August 9, 2010, in exchange for those charges being dropped, Plaintiff pleaded guilty to driving while visually impaired.

Plaintiff contends that she suffered a disc displacement and cervical muscular spasms as a result of Defendants' actions while attempting to handcuff her. She therefore filed this lawsuit.

## II.  Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the

non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." Id., 106 S. Ct. at 2514.

**III. Analysis**

    **A. Plaintiff's Excessive Force Claim**

To succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the defendant acted under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). It is uncontested that Defendants acted under color of state law. The issue is whether Defendants deprived Plaintiff of her Fourth Amendment rights.

Defendants contend that they are entitled to qualified immunity from Plaintiff's claim that they used excessive force in arresting her. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). There are two steps in the analysis: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151. A

court is not required to consider these steps in sequence.  *See Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009).

With respect to the first inquiry, excessive force claims are evaluated under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 (1989).  The Court must balance the nature of the intrusion on the individual's Fourth Amendment interests against countervailing governmental interests. *Id*. at 396, 109 S. Ct. at 1871. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396, 109 S. Ct. at 1872. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation." *Id*. at 396-97, 109 S. Ct. at 1872.

When making an arrest or investigatory stop, police officers have "the right to use some degree of physical coercion or threat thereof to effect it." *Id*.  To determine whether the force used by the officers was reasonable, a court must consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the police officers or others, and whether the suspect actively resisted arrest or attempted to evade arrest by flight.  *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 404 (6th Cir. 2007).

Examining the evidence in a light most favorable to Plaintiff, a reasonable juror could not conclude that Defendants' use of force against Plaintiff was unreasonable.

Although Plaintiff initially was pulled over for minor traffic offenses, the undisputed evidence (including Plaintiff's admissions at her deposition) shows that she failed to comply with Officer Zawojsky's instructions and resisted subsequent attempts to arrest her. Further, Officer Zawojsky smelled a strong odor of alcohol on Plaintiff's breath.

Notably, Plaintiff's admissions regarding what happened when she was stopped and then seized by Defendants are inconsistent with facts pled in her Complaint. For example, Plaintiff alleges in her Complaint that she "remained fully compliant and offered no resistance during the incident of her arrest." (*See* Compl. ¶ 12.) Plaintiff further alleges that Defendants "ran from their vehicle, roughly grabbed [Plaintiff] by the shoulders, flung her face-down to the ground, [and] placed a foot on her back . . .." (*Id.* ¶ 11.) These allegations also are inconsistent with the video evidence. (*See* Defs.' Mot. Ex. B.)

Plaintiff's description of the incident in her response brief is similarly inconsistent with the video evidence. For example, Plaintiff describes Officer Zawojsky as having "strode to [her] vehicle" after stopping her and the officers as "roughly propell[ing her] frontwards" and "slamm[ing her] against the trunk." (Pl.'s Resp. Br. at 6.) As set forth earlier, Officer Zawojsky walked (and not quickly) to Plaintiff's vehicle and the video reflects that the officers neither "roughly propelled" or "slammed" Plaintiff into her car. Plaintiff's statements in her response brief even contradict her deposition testimony in that she claims in her pleading that she flexed her arms to ease the pain as the officers tried to handcuff her. (*See, id*.) At the motion hearing, Plaintiff's counsel continued this

8

argument; maintaining that Plaintiff resisted the officers' attempt to handcuff her only because they were hurting her as they attempted to put on the handcuffs. At her deposition, however, Plaintiff explained that she moved her arms to avoid being handcuffed; at no time did Plaintiff state that she moved her arms because she was in pain. (Defs.' Mot. Ex. D. at 35, 45.) Moreover, as the Court pointed out at the motion hearing, if Plaintiff had not resisted the officers' attempts to handcuff her and ignored their instructions and simply put her arms behind her back to be handcuffed, the officers would not have needed to use force and any pain she alleges now to have experienced would have been alleviated.

The Supreme Court has advised that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 379-80, 127 S. Ct. 1769, 1776 (2007). The facts not "blatantly contradicted by the record" support the conclusion that Defendants used objectively reasonable force when detaining Plaintiff. Therefore, the Court finds that Plaintiff fails to establish that her Constitutional rights were violated and Defendants' are entitled to summary judgment with respect to her excessive force claim.

### B. Assault and Battery

Plaintiff also alleges a state law claim of assault and battery based on the circumstances surrounding her arrest. Under Michigan law, a government officer is

9

immune from tort liability when the following requirements are met: (1) the officer "is acting or reasonably believes he or she is acting within the scope of his or her authority," (2) "[t]he governmental agency is engaged in the exercise or discharge of a governmental function," and (3) the officer's "conduct does not amount to gross negligence that is the proximate cause of the injury or damage." Mich. Comp. Laws § 691.1407(2). "Gross negligence," means, "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Id*. § 691.1407(7). The law allows police officers to use some force in exercising their duties without liability for assault and battery. *See, e.g.*, *Delude v. Raasakka*, 391 Mich. 296, 303, 215 N.W.2d 685 (1974); *Young v. Barker*, 158 Mich. App. 709, 723, 405 N.W.2d 395, 402 (1987). Further, police officers are shielded from liability for conduct that would normally constitute a tort, if the conduct was objectively reasonable under the circumstances. *VanVorous v. Burmeister*, 262 Mich. App. 467, 483, 687 N.W.2d 132, 142 (2004).

The Court concludes for the reasons stated above that Defendants' actions while effectuating Plaintiff's arrest were objectively reasonable under the circumstances. As such, Defendants are immune from liability with respect to Plaintiff's state law assault and battery claim. Therefore, the Court holds that Defendants are entitled to summary judgment with respect to that claim as well.

### IV. Conclusion

For the above reasons, the Court finds that Defendants are entitled to summary judgment with respect to Plaintiff's claims alleging excessive force (Count I) and assault

and battery claims (Count II).

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is

**GRANTED**.

Date: September 27, 2011

                                              <u>s/PATRICK J. DUGGAN</u>
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Daniel G. Romano, Esq.
Stanley I. Okoli, Esq.
Jeffrey A. Bahorski, Esq.
Mark D. Kaszubski, Esq.